Amran Aden MOHAMED; Saynals Aden Hassan, Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 01–71044.
INS Nos. A75–664–308, A75–664–309.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2002.*

Decided July 29, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before HUG, FARRIS and
SILVERMAN, Circuit Judges.

MEMORANDUM**

Amran Aden Mohamed and Saynals Aden Hassan, natives and citizens of Somalia, petition for review from the Board of Immigration Appeals' (BIA) dismissal of their appeal from the Immigration Judge's (IJ) denial of their application for asylum, withholding of deportation and relief under the Convention Against Torture. The IJ and BIA found that Mohamed failed to present credible evidence to support relief. Because the parties are familiar with the facts, we recite them only as necessary to this decision. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1) and deny the petition for review.

Because the BIA conducted a de novo review, we review the decision of the BIA. *Ghaly v. INS,* 58 F.3d 1425, 1430 (9th Cir.1995). We review the credibility determination for substantial evidence and defer to credibility findings that are fairly supported by the record and supported by specific and cogent reasons for the rejection of the testimony. *Pal v. INS,* 204 F.3d 935, 937 n. 2 (9th Cir.2000); *Paredes–Urrestarazu v. INS,* 36 F.3d 801, 817 (9th Cir.1994); *Vilorio–Lopez v. INS,* 852 F.2d 1137, 1141 (9th Cir.1988). The IJ and BIA gave specific, cogent reasons for rejecting Mohamed's testimony including material inconsistencies between Mohamed's declaration and testimony regarding the alleged past persecution. Because these inconsistencies go to the heart of the asylum claim, substantial evidence supports the adverse credibility finding. *Pal,* 204 F.3d at 937 n. 2; *Singh–Kaur v. INS,* 183 F.3d 1147, 1152–53 (9th Cir.1999).

Mohamed argues that the BIA erred in failing to reverse the IJ's finding that petitioners failed to prove that they were natives and citizens of Somalia. Although the IJ questioned petitioners' identities, he found that petitioners were natives and citizens of Somalia. Thus, this claim fails.

■ Mohamed argues that the IJ erred by considering the lack of corroborative evidence when making his decision. This claim fails because the IJ did not deny asylum solely based on lack of corroboration. In any event, consideration of a lack of corroborative evidence was proper in light of the major inconsistencies in Mohamed's testimony regarding the alleged past persecution. *Sidhu v. INS,* 220 F.3d 1085, 1090 (9th Cir.2000).

■ Mohamed argues that the IJ's consideration of an unsigned letter from the INS rendered their hearing fundamentally unfair. We review due process claims in removal hearings de novo. *Perez–Lastor v. INS,* 208 F.3d 773, 777 (9th Cir. 2000). To succeed on her due process

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

claim, Mohamed must establish that she did "not receive a full and fair hearing and suffer[ed] prejudice as a result of the inadequate proceedings." *Id.* (internal quotations and modifications omitted). Prejudice occurs if the alleged due process violation "potentially affects the outcome of the proceedings." *Id.* at 780 (internal quotations omitted). Mohamed cannot establish prejudice because other substantial evidence supports the adverse credibility finding.

■ Finally, Hassan argues that the IJ violated her right to due process by not severing her application from Mohamed's and by not taking her testimony. Hassan had a due process right to "a reasonable opportunity to present evidence on [her] behalf." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). She must establish that the proceeding was "so fundamentally unfair that [she] was prevented from reasonably presenting [her] case" and she was prejudiced. *Id.* Hassan has not shown that she was prevented from presenting her case. The IJ suggested severing the applications when counsel first appeared. Counsel chose not to sever the applications. This was a tactical judgment on the part of petitioners' counsel. Nothing in the record establishes that Hassan was prevented from severing her application. Nor did Hassan attempt to testify. Furthermore, she has not come forward with a proffer of what her testimony would have been, much less that it would have changed the outcome of the case. Thus, she cannot establish a violation of due process.

Because petitioners have not established eligibility for asylum, they have not met the higher burden of proving that they are entitled to withholding of deportation. *Marcu v. INS*, 147 F.3d 1078, 1083 (9th Cir.1998).

■ We do not address petitioners' eligibility for relief under the Convention Against Torture as they do not raise that issue on appeal. *United States v. Ullah*, 976 F.2d 509, 514 (9th Cir.1992). However, we note that to be eligible for relief under the Convention Against Torture, petitioners must establish "that it is more likely than not that [they] would be tortured if removed to the proposed country of removal." *Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir.2001) (internal quotations omitted). Mohamed testified that she was not harmed in Somalia. Nor is there evidence in this record that petitioners were or would "more likely than not" be tortured if returned to Somalia.

PETITION FOR REVIEW DENIED.